UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WAYNE ENGLISH, *et al*, | § | |
| | § | CIVIL ACTION NO. 4:17-CV-1815 |
| Appellants, | § | |
| VS. | § | BANKRUPTCY CASE NO. 15-31305-H5-7 |
| | § | |
| LOWELL T CAGE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM**

The appellants, Wayne English and James D. Colling, appeal from the Bankruptcy Court's decision denying them distribution of bankruptcy assets recovered in *SEC v. Kaleta* [CA No. 09-3675]. This Court has jurisdiction pursuant to 28 U.S.C. § 157. In reviewing a bankruptcy court's decision, a district court operates much like an appellate court, applying the standards of review typically applied in federal courts of appeal. *See In re Webb*, 954 F.2d 1102, 1103 - 04 (5th Cir. 1992) (internal citation omitted). To this end, a district court will not set aside a bankruptcy court's findings of fact, unless they are clearly erroneous. *In re IFS Financial Corp.*, 803 F.3d 195, 203 (5th Cir. 2015) (citing *In re Martinez*, 564 F.3d 719, 726 (5th Cir. 2009)). "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'" *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 701 (5th Cir. 2003) (quoting *Hibernia Nat'l Bank v. Perez (In re Perez)*, 954 F.2d 1026, 1027 (5th Cir. 1992)). A bankruptcy court's conclusions of law are reviewed *de novo*. *In re Dennis*, 330 F.3d at 701.

Porter Development Partners, LLC and scores of related entities, including WB Fund II, filed for Chapter 7 bankruptcy in March and April 2015. WB Fund II is one of the entities formed by non-debtors, David Wallace and Costa Bajjali into which the appellants invested funds. In turn, WB Fund II invested substantially in Biz Radio, LP. A lawsuit alleging fraud was filed by the Securities and Exchange Commission ("SEC") against Biz Radio, Wallace and Bajjali and others in connection with the purchase and/or sale of securities. Following the resolution of the case(s), the sum of $124,716.46 was tendered to the Trustee in bankruptcy for the creditors of WB Fund II. *See SEC v. Kaleta et al,* [CA No. 09-3674]. The appellants assert that those funds should have been distributed to the investors in WB Fund II, and particular themselves, instead of WB Fund II because WB Fund II was vicariously liable, along with Wallace and Bajjali, in the fraud discovered by the SEC.

In several grounds of error, the appellants assert that the: bankruptcy court erred in applying *res judicata* to their claims because: the doctrine was waived by the appellees; the district court's ruling concerning the distribution of the SEC proceeds was not a final judgment; their claims in the bankruptcy court are not the same as their claims in the district court; the SEC suit addressed a "non-core" dispute; and, the appellants' cause of action arose after the SEC litigation and distribution of proceeds. In addition, the appellants assert that the appellees have taken inconsistent positions concerning the character of the proceeds derived from the SEC suit; and, that WB Fund II violated federal law by its fraudulent conduct and, therefore, is not entitled to the disgorged funds.

The Court will not address these claims because the appellants did not invest in Biz Radio, except through WB Fund II. Therefore, the appellants had no standing to recover directly in the SEC case and, therefore, their appeal fails.

The Bankruptcy Court did not err when it denied the appellants claims for distribution of the SEC funds. The record and arguments before the Court establish that the appellants were investors in WB Fund II and that WB Fund II was an investor in Biz Radio. The SEC's suit did not include or implicate WB Fund II as a participant in securities fraud. Therefore, the WB Fund II Estate is entitled to receive a share of the proceeds recovered due to Wallace and Bajjali's fraud. *See* 11 U.S.C. §§ 323(a) and (b); 541(a)(1) and (5).

The judgment of the Bankruptcy Court is AFFIRMED.

SIGNED on this 27th day of November, 2017.

_____
Kenneth M. Hoyt
United States District Judge